IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT IN AND
FOR BREVARD COUNTY, FLORIDA

CASE NO:

JEAN HOLCOMB,

    Plaintiff,

vs.

WALMART STORES EAST, LP and
ALEX DELHAGEN,

    Defendants.

_____/

## COMPLAINT

    COMES NOW Plaintiff, JEAN HOLCOMB, and sues Defendant, WALMART STORES EAST, LP, and alleges:

    1.    This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

    2.    At all times material to this action Plaintiff, JEAN HOLCOMB, is a natural person residing in Brevard County, Florida.

3. Upon information and belief, at all times material to this action, ALEX DELHAGEN, is a natural person residing in Brevard County, Florida, working as an employee for the Defendant, WALMART STORES EAST, LP.

4. At all times material to this action, Defendant, WALMART STORES EAST, LP, was a Florida corporation licensed and conducting business in the State of Florida.

5. At all times material hereto, Defendant, WALMART STORES EAST, LP, was the owner and in possession of that certain business located at 1040 Malabar Rd SE, Palm Bay, FL, said location being that of a retail store, open to the general public, including the Plaintiff herein.

6. Upon information and belief, at that time and place, Defendant, ALEX DELHAGEN, was an employee of the Defendant, WALMART STORES EAST, LP, employed as the store manager, overseeing the everyday operation of the store and its employees and responsible to make sure the premises are in a safe condition.

7. On or about August 9, 2020, Plaintiff, JEAN HOLCOMB, visited Defendant's premises located at the above address as a business invitee/customer.

## COUNT I
## NEGLIGENCE OF WALMART STORES EAST, LP

8. Plaintiff, JEAN HOLCOMB, reiterates and realleges Paragraphs 1-7 set forth herein.

9. On or about August 9, 2020, Plaintiff, JEAN HOLCOMB, visited Defendant's premises located at the above address as a business invitee/customer.

10. At said time and place, Defendant, WALMART STORES EAST, LP, owed a duty of reasonable care to its invitees, including Plaintiff, to provide a reasonably safe environment, to inspect and maintain this environment, and to request and authorize repairs to this environment, such that its customers would be protected from reasonably foreseeable injuries. Furthermore, Plaintiff, alleges that Defendant breached these duties by doing the following:

a) Negligently failing to maintain or adequately maintain the supply carts, thus creating a crash hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently failing to operate or adequately operate the supply carts and keep them from crashing into customers, thus creating a crash hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff.

c) Negligently failing to adequately warn the Plaintiff of the danger of the supply carts that were being negligently pushed by the Defendant employees, when Defendant knew or through the exercise of reasonable care should have known that said supply carts were unreasonably dangerous and that Plaintiff was unaware of same;

d) Negligently failing to correct and/or adequately correct the unreasonably dangerous condition of the supply carts on Defendant's premises, when said condition was known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

e) Negligently failing to have adequate staff on duty and/or assigned to the task of properly returning the supply carts to the appropriate area, thus creating a dangerous condition;

f) Negligently failing to train and/or inadequately training its employees to properly utilize the supply carts;

g) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

h) Negligently failing to act reasonably under the circumstances;

i) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

3

j) Negligently engaging in a routine or regular practice of business that was not the reasonable custom of the community; and

k) Negligently failing to render aid to the Plaintiff after her fall and/or negligently rendering aid to the Plaintiff after her fall.

l) As a result, while Plaintiff was visiting Defendant's property, she struck by the supply carts that were negligently being pushed by WALMART STORES EAST, LP or its employees, sustaining injuries as set forth.

11. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## COUNT II
## NEGLIGENCE OF ALEX DELHAGEN

Plaintiff, JEAN HOLCOMB, reiterates and realleges Paragraphs 1-7 set forth herein.

12. On or about August 9, 2020, the Defendant, ALEX DELHAGEN, owed the Plaintiff, JEAN HOLCOMB, the duty to exercise reasonable care for her safety.

13. At said time and place, Defendant, ALEX DELHAGEN, who was present on the date of accident, owed a duty of reasonable care to his customers, including Plaintiff, to provide a reasonably safe environment, to inspect and maintain this environment, and to request and authorize repairs to this environment, such that his customers would be protected from reasonably foreseeable injuries. Furthermore, Plaintiff, alleges that she actively breached these duties by doing the following:

a) Failing to prevent reasonably foreseeable injuries and creating a foreseeable risk of harm to customers by failing to maintain a hazard-free premises;

b) Negligently failing to maintain or adequately maintain the supply carts, thus creating a crash hazard to members of the public utilizing said premises,

including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c) Negligently failing to operate or adequately operate the supply carts and keep them from crashing into customers, thus creating a crash hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff.

d) Negligently failing to adequately warn the Plaintiff of the danger of the supply carts that were being negligently pushed by the Defendant employees, when Defendant knew or through the exercise of reasonable care should have known that said supply carts were unreasonably dangerous and that Plaintiff was unaware of same;

e) Negligently failing to correct and/or adequately correct the unreasonably dangerous condition of the supply carts on Defendant's premises, when said condition was known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of properly returning the supply carts to the appropriate area, thus creating a dangerous condition;

g) Negligently failing to train and/or inadequately training her employees to properly utilize the supply carts;

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to act reasonably under the circumstances;

j) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

k) Negligently engaging in a routine or regular practice of business that was not the reasonable custom of the community; and

    l) Negligently failing to render aid to the Plaintiff after her fall and/or negligently rendering aid to the Plaintiff after her fall;

    m) Failing to properly train her employees in adequately remedying issues with the floor and/or failing to properly supervise them in maintaining the same;

    n) Failing to properly train her employees in adequately warning customers of the store's dangerous conditions through the proper placement of warning signs, and/or failing to properly supervise them in maintaining the same; and

    o) As a result, while Plaintiff was visiting Defendant's property, she struck by the supply carts that were negligently being pushed by WALMART STORES EAST, LP or its employees, sustaining injuries as set forth.

14. As a direct and proximate result of the negligence of Defendant, ALEX DELHAGEN, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JEAN HOLCOMB, sues the Defendants, WALMART STORES EAST, LP and ALEX DELHAGEN for damages and demands judgment in excess of Thirty Thousand and One Dollars ($30,001.00), plus interest and costs, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 28th day of June, 2021.

          /s/ Edward C. Combs, Jr.
          EDWARD C. COMBS, JR., ESQ.
          FBN: 84096
          Morgan & Morgan, P.A.
          940 S. Harbor City Blvd
          Melbourne, FL 32901

Telephone Phone: (321) 327-6969
Facsimile: (321) 327-6953
Primary email: ECombs@ForThePeople.com
Secondary email:alishaedwards@forthepeople.com
Attorneys for Plaintiff